**VACATE and DISMISS; and Opinion Filed June 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01629-CV

## IN THE INTEREST OF I.C.G., A CHILD

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-07-00258-T**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

CPG (Father) appeals the trial court's order terminating his parental rights to ICG (Child) arguing that the trial court did not have jurisdiction to terminate his parental rights because the petitioner did not have standing. We agree, and we vacate the trial court's Final Order of Termination and dismiss the petition for want of jurisdiction.

BACKGROUND

Mother and Father were in a relationship in 2004, but were not married. Mother gave birth to Child on December 7, 2004, and gave him Father's last name. On December 9, 2004, Mother and Father signed a "State of Texas Acknowledgment of Paternity" declaring "under penalty of perjury" that Father was the biological father of Child. At some point, Mother and Father ceased to be "girlfriend/boyfriend." In a January 2007 order, the trial court appointed Father and Mother joint managing conservators of Child and ordered Father to pay child support.

The record reflects that over the next few years Mother and Father filed various pleadings involving modification of child support and possession of Child.

Sometime in 2013,[1] Child filed a petition challenging Father's acknowledgment of paternity. Father answered, asserting a general denial and affirmative defenses of statute of limitations, fraud, and lack of legal capacity. In early 2013, Child, through "his GUARDIAN, NEXT FRIEND [MOTHER]," amended the petition, alleged that another man, EH, was his biological father, and sought to change his last name to EH's last name. Child alleged that EH had taken a DNA test in 2007 that proved to a 99.5% probability that EH was Child's biological father. Child alleged that Mother "did not have sexual relations with [Father] for a minimum of four (4) months before [Child] was conceived and in fact she was living with [EH] . . . during those 4 months preceding the conception of [Child]." As alternative relief, Child sought involuntary termination of Father's parental rights under Texas Family Code section 161.001(1)(D) and (E).[2] Also in early 2013, the trial court suspended Father's access to and possession of Child and obligation to pay child support.

About a year later, Father moved to enforce his periods of possession and access. The court appointed an "amicus attorney to represent the child the subject of this suit." Meanwhile, Father obtained new counsel and filed objections and special exceptions to Child's amended petition. Father also amended his answer to allege, among other things, that Child lacked standing to obtain the relief sought in the amended petition.

The court set the matters for a bench trial. At trial, Mother presented testimony that the acknowledgment of paternity form was presented to her "while [she] was sedated right after I

---

[1] The original petition is not in the clerk's record.

[2] The subsection (D) ground for termination states that a parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[.]" TEX. FAM. CODE ANN. § 161.001(1)(D) (West 2014). The subsection (E) ground for termination states that a parent has "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child[.]" Id. § 161.001(1)(E).

had my child" and implied that Father signed it fraudulently. Mother said she "went to the AG's office to have the child support terminated" in 2007 and, pursuant to a conversation she had there, paid for a DNA test for EH.[3]

On cross-examination, Mother agreed that she signed documents, including a court order, in January 2007 acknowledging that Father was Child's biological father. She testified that she did not know until she hired a lawyer that she had only four years to contest an acknowledgment of paternity, and that is why Child filed the petition through Mother as next friend.[4] The trial court told Mother that she understood that Mother believes Father "is not the biological parent, [but] he has been found by a court to be the parent of this child." The court advised the parties that they needed "to focus in on" the question of "whether it is in the best interest of this child that we terminate the parental rights of [Father]."

After the presentation of evidence and an oral report from the amicus attorney regarding the best interest of the child, the court took the matter under advisement. The court subsequently issued an order terminating the parent-child relationship between Father and Child on the subsection (D) ground. The court also ordered Mother to "initiate a case with the Office of the Attorney General for the child the subject of this suit and [EH] (the biological father) within 45 days of the entry of this order." And the court ordered that Mother "may change the name on the child's birth certificate from [ICG] to [ICH]." The court filed findings of fact and conclusions of law.

Father appealed the trial court's Final Order of Termination contending that (1) Child did not having standing to sue for the relief granted by the trial court, (2) the evidence was factually and legally insufficient to support the termination of Father's parental rights, and (3) the trial

---

[3] The DNA test was not offered into evidence and is not part of our appellate record.

[4] Mother's lawyer also represented to the trial court that "the suit was brought by the child . . . ."

court erred by permitting the amicus attorney to testify at trial and by improperly considering and making findings based on matters outside the trial record. Mother did not file a brief. The Office of the Attorney General filed an amicus brief addressing the trial court's order to adjudicate EH as Child's biological father, but none of the arguments in its brief affect the issues on appeal.

During the pendency of this appeal, Father filed an emergency motion asking us to suspend the operation of the trial court's Final Order of Termination. We stayed the portions of the Final Order of Termination that required Mother to initiate a suit to adjudicate EH as Child's father and permitted Mother to change Child's name on Child's birth certificate.

DISCUSSION

In issue one, Father argues that the trial court did not have jurisdiction to terminate his parental rights because Child did not have standing to seek involuntary termination of Father's parental rights. We agree.

Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit under Texas law. *In re M.K.S.-V.*, 301 S.W.3d 460, 463 (Tex. App.—Dallas 2009, pet. denied). The petitioner is required to allege facts affirmatively demonstrating the trial court has jurisdiction to hear the case. *Id*.

The Texas Family Code defines who has standing to file an original suit affecting the parent-child relationship (SAPCR). *In re E.G.L.*, 378 S.W.3d 542, 547 (Tex. App.—Dallas 2012, pet. denied). Consequently, the petitioner "'must plead and establish standing within the parameters of the language used in the code.'" *Id*. (quoting *In re M.K.S.-V.*, 301 S.W.3d at 464). Whether a party has standing to pursue a cause of action is a question of law which we review de novo. *Id.*

–4–

In this case, the petition for involuntary termination begins, "NOW COMES [ICG], a child by and through, his GUARDIAN, NEXT FRIEND [MOTHER] . . . ." In the opening paragraphs, the petition defines "Petitioner" as Child, "by and through, his GUARDIAN, NEXT FRIEND [MOTHER] . . . ." In paragraph three, the amended petition refers to the trial court's "continuing exclusive jurisdiction over the subject matter of this suit because . . . the court's final decree . . . rendered on May 23, 2011, . . . was a modification of child support and establishment of arrearage." Paragraph four refers to the court's "child custody jurisdiction" under family code section 152.201. And paragraph eight states, "Petitioner requests the involuntary termination of the parent child relationship BETWEEN [CPG] and the child [ICG] under Tex. Family Code § 161.001(1)(D) and (E)."

None of the allegations in the amended petition cites a provision in the family code giving Child standing to seek involuntary termination of Father's parental rights. *See In re E.G.L.*, 378 S.W.3d at 547 (party seeking relief must plead and establish standing). Chapter 161 of the family code governs "Termination of the Parent-Child Relationship." TEX. FAM. CODE ANN. §§ 161.001–.211 (West 2014). Chapter 161 does not contain a provision giving a child standing to file a SAPCR. *See id*. We next look to the family code's general standing statute. *Id*. § 102.003 ("General Standing to File Suit"). It states that an original SAPCR may be filed by fourteen different persons, including:

> (1) a parent of the child;
>
> (2) the child through a representative authorized by the court;
>
> (3) a custodian or person having the right of visitation with or access to the child appointed by an order of a court of another state or country;
>
> (4) a guardian of the person or of the estate of the child;
>
> . . . .

*Id.* § 102.003(a)(1)–(14). None of the provisions of section 102.003 gives standing to a child through the child's mother as next friend. And the amended petition in this case is clear, and is confirmed by Mother's testimony and her lawyer's representation to the trial court, that Child filed the SAPCR and is the petitioner.

CONCLUSION

The amended petition does not plead or establish that Child has standing, and we have not found a provision in the family code giving a child standing, to seek involuntary termination of the child's relationship with a parent. Because Child lacked standing, the trial court did not obtain subject matter jurisdiction over the petition to terminate Father's parental rights. Consequently, we vacate the December 9, 2014 Final Order of Termination and dismiss the amended petition seeking to involuntarily terminate Father's parental rights for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e). Because of our disposition of issue one, we do not need to reach issues two and three.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

141629F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF I.C.G., A CHILD

No. 05-14-01629-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-07-00258-T.
Opinion delivered by Justice Lang-Miers, Justices Francis and Whitehill participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's December 9, 2014 Final Order of Termination and **DISMISS** for want of trial court jurisdiction I.C.G.'s Amended Petition to Challenge Acknowledgement of Paternity in which I.C.G. sought to involuntarily terminate Cyrus Palmer Gates's parental rights.

It is **ORDERED** that appellant Cyrus Palmer Gates recover his costs of this appeal from appellee Cashunda Nicholson.
.


Judgment entered this 1st day of June, 2015.